IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 22 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FARRAH GILOT,

        Plaintiff,

v.

GREYHOUND,

        Defendant.
------------------------------------------------------------x

MEMORANDUM & ORDER
18-CV-3074 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Farrah Gilot brings this *pro se* action and invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. However, Plaintiff is granted thirty (30) days leave from the date of this memorandum and order to submit an amended complaint.

## I. Background

Plaintiff alleges that in February, she took a Greyhound bus from Colorado to Texas. Compl. at 5-6, ECF No. 1.[1] When she went to retrieve her bags, she was asked for identification. *Id.* Plaintiff attempted to use her student identification to retrieve her bags, but was informed that the student identification was not considered valid identification. *Id.* at 6. Plaintiff submitted her green card which was not returned. *Id.* Plaintiff further alleges that on May 16, she took a Greyhound bus; the trip was expected to last 25 hours and instead lasted 96 hours. *Id.* Plaintiff seeks monetary compensation, including punitive damages. *Id.*

---

[1] All citations to pages of the Complaint refer to the Electronic Document Filing System ("ECF") pagination.

1

## II. Standard of Review

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## III. Discussion

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements

of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Perdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff's complaint fails to present a substantial federal question. Section 1331 gives the court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)). Even when construed liberally, it does not appear that Plaintiff's claims are premised on a violation of any federal constitutional or statutory right.

Having determined that the allegations in Plaintiff's complaint do not support federal question jurisdiction in this case, the Court now considers whether Plaintiff adequately asserts a basis for the Court to exercise diversity of citizenship jurisdiction over her claims. According to the facts alleged in the complaint, complete diversity of citizenship exists between the parties, as Plaintiff is a citizen of Brooklyn, New York, while Defendant is alleged to be a citizen of Dallas, Texas. However, it appears that Plaintiff fails to satisfy the $75,000 amount in controversy that is required by 28 U.S.C. § 1332. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of*

*Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be non-speculative in order to satisfy the statute. *Baltazar v. Earth Ctr. of Maanu, Inc.*, 14-CV-3543, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014) (Vitaliano, J.).

Where, as here, the jurisdictional amount is met only by inclusion of a claim for punitive damages, such calculation must be considered with "heightened scrutiny." *Nwanza v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) (citation omitted); *Cohen v. Narragansett Bay Ins. Co.*, 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) (Chen, J.) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citation omitted)). Plaintiff alleges damages in the amount of $800.00 for the loss of her green card, $2,000.00 for her lost luggage, $231.00 for the cost of her bus ticket, and $500,000.00 in punitive damages. Compl. at 7. Plaintiff's "actual damages" are $3,031.00, far below the jurisdictional threshold. Moreover, Plaintiff fails to allege any facts to show that she is entitled to punitive damages. Thus, it appears that diversity of citizenship jurisdiction is lacking. *See Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 268 (S.D.N.Y. 2017) (Gorenstein, M.J.) ("Because the complaint is devoid of allegations that meet the punitive damages standard, the potential for punitive damages may not be used to meet the diversity jurisdiction threshold.").

### IV. Leave to Amend

In an abundance of caution, and in light of Plaintiff's *pro se* status, she is granted thirty (30) days leave to file an amended complaint. *See, e.g., Maitland v. Lunn*, 14-CV-5938, 2017 WL 1088122, at *10 (E.D.N.Y. Mar. 21, 2017) (Seybert, J.) (granting plaintiff leave to file an amended complaint to plead sufficient facts in order to satisfy the $75,000.00 amount-in-

controversy requirement). If Plaintiff elects to file an amended complaint, she is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's amended complaint must clearly state the basis for the Court's jurisdiction. If Plaintiff is asserting diversity of citizenship as a basis for the Court's jurisdiction, she must clearly indicate how she meets the statutory threshold amount, including the basis for seeking punitive damages.

V.    **Conclusion**

Accordingly, it is hereby ordered that the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff is granted thirty days (30) leave from the date of this memorandum and order to file an amended complaint as detailed above. If Plaintiff fails to amend her complaint within thirty (30) days as directed by this memorandum and order, judgment dismissing the action shall be entered.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2018
       Brooklyn, New York